```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

GREAT AMERICAN INSURANCE        }
COMPANY,                        }
                                }
     Plaintiff,                 }    CIVIL ACTION NO.
                                }    07-AR-0133-S
v.                              }
                                }
B.L. HARBERT INTERNATIONAL,     }
LLC/BILL HARBERT                }
INTERNATIONAL CONSTRUCTION,     }
INC., A JOINT VENTURE,          }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

The court has before it the oral motion to dismiss offered in open court by defendant, B.L. Harbert International, LLC/Bill Harbert International Construction, Inc., a joint venture, on January 30, 2007, during the hearing on the motion of plaintiff, Great American Insurance Company, for preliminary injunction. The court must pass on its subject-matter jurisdiction even without such a motion.

Although, as pointed out by plaintiff, Great American Insurance Company, in its brief filed on February 2, 2007, this court in *Ericsson G.E. Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 179 F.R.D. 328 (N.D. Ala. 1998), lamented and suggested a way to re-write the Eleventh Circuit's opinion in that case, this court, being bound by what the Eleventh Circuit held, has, since *Ericsson*, consistently followed it. The subsequent decisions of this court on the question of

subject-matter jurisdiction under 28 U.S. C. §1332, the issue decided in *Ericsson*, were shared by this court with the parties during the oral argument on January 30, 2007.  They need not be repeated here.

Nothing said or cited by plaintiff in its brief gives this court reason not to follow the binding law of the Eleventh Circuit, although this court does hope that the petition for *certiorari* recently filed with the Supreme Court in *Waggoner v. Suisse Security Bank and Trust Ltd.*, Supreme Court No. 86-824, seeking a reversal of the Second Circuit's opinion in *Correspondence Services Corp. v. First Equities Corporation of Florida*, 442 F.3d 767 (2nd Cir. 2006), will be granted.  The Second Circuit there espoused the same minority view as was expressed by the Eleventh Circuit in *Ericsson*.  As of now in a minority of the circuits, including the Second and the Eleventh, the amount in controversy for the purposes of deciding subject-matter jurisdiction under 28 U.S.C. §1332 is to be determined exclusively from the plaintiff's viewpoint.  In other words, the jurisdictional question here is: "What does the plaintiff seek by way of relief, and what is it worth to it?"  The plaintiff here only seeks to extricate itself from an arbitration proceeding, the value of which is so highly speculative as not to meet the $75,000 threshold.

In order to maintain a position consistent with *Ericsson*, and being unwilling to wait for the Supreme Court, this court

will, by separate order, grant defendant's motion for dismissal for lack of subject-matter jurisdiction.

DONE this 6th day of February, 2007.

                                                            _____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE